Daniel, J.
 

 The plaintiff filed this petition in the County Court, as the administrator of Robert Guyther, deceased^ against the defendant, who had been the guardian of the said intestate, for an account of the estate. The petition states, that Robert Guyther had been a resident, and was at Ms death a resident, of the County of Washington ; and that the County Court of Washington had granted letters of administration to the plaintiff. The defendant, at May Sessions, 1835, answered and stated, that one Peter O. Picot had been appointed, by the County Court of Martin, administrator with the will annexed on the estate of the said Robert Guyther, deceased, and that he had accounted with and paid over to the said Peter O. Picot, all the estate and effects which he had held as guardian of his ward. To this answer the plaintiff put in a replication. There was an interlocutory decree that the defendant should account, from which he appealed to the Superior Court. In the Superior Court,- the defendant obtained leave to amend his answer, in which he averred that the usual place of residence of Robert Guyther^ at the time of his death, and many year's previous to that time, had been in the County of Martin. There was no new replication put in. The cause was several times continued,- and at subsequent terms,- orders were made in the cause for each party to take depositions. At September Term, 1837, an issue was directed to try the fact, whether Robert Guy= ther had been a resident, and domiciled in Martin or Washington County. The cause was then removed to Chowan County for trial. And at Spring Term, 1841, the judge dismissed the petition; being of theopinion thatthe pleadings did not warrant the introduction of evidence to the jury to fry the issue. From this decree, the plaintiff appealed.
 

 The defendant had not put in a supplemental answer, but had been permitted to add a single fact, by way of amendment, to his original answer. And the parties to the suit, by their subsequent conduct, had treated the amendment as having been made
 
 nunc fro
 
 tunc, and as being incorporated in the original answer, and therefore completely covered by
 
 *448
 
 the original replication-. Where was the necessity of the orders in the cause subsequently made to take depositions, the order directing an issue, and the making of the issue by the parties, if it had not been understood that the material fact disclosed in the amended answer had been covered by the original replication ? We think that the single fact, added or inserted as an amendment, must be considered as incorporated in the original answer,
 
 nunc pro tunc.
 
 The judgment must be reversed, and the cause again tried.
 

 Per Curiam, Judgment reversed.*